

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

COLFIN AI CA 5, LLC,

Plaintiff,

v.

DENISE D. CASON,

Defendant.

NO. CV 12-10484-UA (DUTYx)

**ORDER SUMMARILY REMANDING IMPROPERLY REMOVED ACTION**

The Court will remand this unlawful detainer action to state court summarily because Defendant removed it improperly.

On December 7, 2012, Defendant, having been sued in an unlawful detainer action in California state court, lodged a Notice of Removal ("Notice") of that action to this Court and also filed a request to proceed *in forma pauperis*. The Court has denied the latter request under separate cover because the action was not properly removed. To prevent the action from remaining in jurisdictional limbo, the Court issues this Order to remand the action to state court.

Simply stated, Plaintiff could not have brought this action in federal court in the first place in that the complaint does not competently allege facts supporting jurisdiction, and therefore removal is improper. 28 U.S.C. § 1441(a); *see Exxon*

*Mobil Corp v. Allapattah Svcs., Inc.*, 545 U.S. 546, 563, 125 S. Ct. 2611, 162 L. Ed. 2d 502 (2005).

Defendant seeks removal based on federal question and diversity jurisdiction. (*See* Notice at 2-3). Defendant alleges that federal question jurisdiction arises under the Federal Fair Debt Collection Practices Act. (*Id.* at 2.) However, Plaintiff does not allege any federal cause of action. (*See id.*, Ex. A, Complaint.) Nor does it appear that federal law is a necessary element of Plaintiff's claim. Thus, Defendant has not alleged facts establishing the existence of a federal question on the face of the complaint.

Defendant also alleges diversity jurisdiction. (Notice at 2-3.) However, her claim that the amount in controversy exceeds $75,000 is unsupported and conclusory. (*Id.* at 3.) The face of the complaint in the superior court states that the "[a]mount demanded does not exceed $10,000.00." (*Id.*, Ex. A, Complaint.)

In Defendant's response to the Magistrate Judge's order to show cause why the action should not be remanded to state court (Dkt. Nos. 2, 3), Defendant argues that she "seeks to recover the property for the amount the lender sold it to the Plaintiff or fair market value, whichever is greater in addition to damages (amount un[]determined at this time) and remain in her home." (Response at 1.) However, any action to recover the property is a separate action from the unlawful detainer action, and the amount in controversy in such an action is immaterial to the amount in controversy in the action Defendant is attempting to remove. *See Compass Bank v. Alvira Khan*, Case No. CV 12-4606-PSG-VBK, (C.D. Cal.), Dkt. No. 17 at 1-2 ("Jurisdiction, and thus the amount in controversy, in the unlawful detainer action can be predicated on the jurisdictional facts of the unlawful detainer action alone, not on the wrongful foreclosure action."); *see also U.S. Bank, N.A. v. Avila*, 2012 WL 6491300, *1 (C.D. Cal. 2012) ("In unlawful detainer actions, the title to the property is not involved—only the right to possession is implicated."); *Martingale Investments LLC v. Starks*, 2012 WL

6115808, *2 (C.D. Cal. 2012) ("the appropriate measure for determining the amount in controversy is the rental value of the property, not the value of the property as a whole").

In addition, Defendant has not demonstrated diversity of the parties. She has not alleged that Plaintiff is a citizen of another state. Moreover, she is a citizen of California and therefore cannot remove a case filed in California state court based on diversity jurisdiction. *See* 28 U.S.C. § 1441(b)(2); *Calneva Management, Inc. v. White*, 2012 WL 6218199, *2 (N.D. Cal. 2012) ("even if Calneva were not a resident of California for the purposes of diversity jurisdiction, removal of a case to a federal court in the state in which defendants reside is prohibited under 28 U.S.C. § 1441(b)(2).").

Accordingly, IT IS ORDERED that (1) this matter be REMANDED to the Superior Court of California, Los Angeles County, Stanley Mosk Courthouse, 111 North Hill Street, Los Angeles, CA 90012 for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c); and (2) the Clerk send a certified copy of this Order to the state court.

DATED: 1/11/13

GEORGE H. KING
United States District Judge